Jose Angel **GOMEZ–CAVAZOS,**
Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Drug Enforcement Administration, Defendants.**

No. 1:98–CV–1841.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 19, 1999.

---

Jose Angel Gomez–Cavazos, Beaumont, TX, Pro se.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTIONS

COBB, District Judge.

Before the court are plaintiff's objections to the magistrate judge's report and recommendation. (*See* Docket No. 16.) Upon conducting a *de novo* review, the court overrules the objections. Therefore, it is

**ORDERED** that the magistrate judge's report and recommendation is **ADOPTED** and plaintiff's objections are **OVERRULED**.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS

HINES, United States Magistrate Judge.

Plaintiff, proceeding *pro se*, proposes to invoke federal question jurisdiction under the Privacy Act of 1974 (the Act), 5 U.S.C. § 552a. This matter is referred to the undersigned United States Magistrate Judge for consideration, hearing, if necessary, and report and recommendation of findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) (1993) and the Amended Order for Adoption of Local Rules for Assignment of Duties to Magistrate Judge.

### I. BACKGROUND

Plaintiff is incarcerated in a federal penitentiary. (Pl.'s Am. Pet. at 2.) On October 8, 1997, he filed a Freedom of Information Act (FOIA) and Privacy Act request seeking Drug Enforcement Administration (DEA) records pertaining to his arrest.[1] (Pl.'s Am. Pet. at 2, 4.) On October 22, 1997, plaintiff was notified by DEA that no records exist under the name plaintiff submitted. (Pl.'s Am. Pet. at 3.)

Plaintiff appealed DEA's finding to the Department of Justice, Office of Information and Privacy. (Pl.'s Am. Pet., Ex. A.) On March 3, 1998, plaintiff was notified that DEA's initial finding was correct, and no records were located under his name. (Pl.'s Am. Pet., Ex. A.) Evidently, dissatisfied with that response, plaintiff filed this action on March 27, 1998. (*See* Docket No. 1.)

In the instant action, however, plaintiff does not sue to compel DEA to disclose information. Rather, he seeks to only enjoin DEA from disseminating information without first obtaining the approval of individuals identified in the records. (Pl.'s Am. Pet. at 5–6.)

### II. PROCEEDINGS

On January 4, 1999, the Clerk of the court issued summons to plaintiff for service on defendants. (*See* Docket. No. 9.) Service was not effected within the time allowed. *See* FED. R. CIV. P. 4(m). Consequently, on May 14, 1999, the court ordered plaintiff to show good cause for failure to effectuate service of summons and of the complaint. (*See* Docket No. 13.)

Plaintiff timely responded to the May 14 order, (*See* Docket No. 14), showing that he mailed summons and the complaint to the Washington, D.C. addresses of defendants on January 25, 1999. (Pl.'s Resp. to Ct.'s Order, Ex. 1.)

In the meantime, defendants moved to dismiss. (*See* Docket No. 11.)

### III. DEFENDANTS' MOTIONS

Defendants have not filed an answer on the merits. Rather, defendants move to dismiss on three grounds:[2]

---

1. The Freedom of Information Act is codified in 5 U.S.C. § 552. The Privacy Act is codified in 5 U.S.C. § 552a.

2. Under FED. R. CIV. P. 12(b), certain defenses may be raised by motion.

(1) Lack of subject matter jurisdiction because plaintiff has not alleged improper withholding of records under FOIA;

(2) Plaintiff failed to perfect service within the time allowed; and

(3) Plaintiff fails to state a claim for which relief can be granted because plaintiff failed to allege an improper withholding of agency records.

(*See* Defs.' Mot. to Dismiss at 1–2.)

Defendants also move alternatively for summary judgment. They assert that they made a good faith effort to conduct a search of plaintiff's records. (*See* Defs.' Mot. to Dismiss at 2.) For reasons that will become apparent later, the motion for summary judgment and its accompanying affidavit are not considered in this report.[3]

Plaintiff has not responded to any of defendants' motions.

## IV.  ANALYSIS

As noted earlier, plaintiff sues under the Privacy Act. Congress enacted this statute to protect individual privacy against government misuse of personal and normally confidential information.[4] The Act generally requires prior written consent from individuals to whom the records pertain before any prohibited disclosure can be made. *See* 5 U.S.C. § 552a(b). However, the prior written consent requirement is subject to twelve exceptions. *Id.*

An individual has a private cause of action when an agency:

(1) Refuses to correct or amend his records;

(2) Refuses to grant access to his records;

(3) Fails to maintain his records with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any decision about the qualifications, character, rights, or opportunities of, or benefits to him that may be made on the basis of such record, as a result of which an adverse decision is made; or

(4) Fails to comply with any other provision of this Act or regulations which implement it, provided that there is an adverse effect on him.

5 U.S.C. § 552a(g)(1).

█ Plaintiff did not specify which of the four private causes of action he is suing under. Upon a careful examination of the complaint, the only possible cause of action which plaintiff may proceed under is the last provision, the catch-all provision, since plaintiff did not allege that DEA refused to correct, refused to grant access, or fail to maintain his records. A plaintiff suing under the catch-all provision must show that: (1) information is covered by the Act as a record contained in a system of records; (2) agency disclosed the information; (3) disclosure had an adverse effect on plaintiff; and (4) disclosure was willful or intentional. *See Quinn v. Stone,* 978 F.2d 126, 131 (3d Cir.1992).

### A.  Failure to state a claim

█ The record does not reflect plaintiff's motivation for bringing this suit. Given plaintiff's status as an inmate, and that he seeks to enjoin defendants from disseminating information regarding his arrest, amount of drugs, laboratory reports, etc., it is reasonable to speculate that he may seek to prevent use of that information in future criminal investigations. If that be the case, the Act affords plaintiff no protection. The Act specifically excepts from its coverage disclosure to: (i) "officers and employees of the agency

---

3.  It appears from the motion and accompanying affidavit that plaintiff misspelled his own name in his initial application to DEA. Defendants assert that plaintiff is free to submit a new request using a different name.

4.  Government records subject to Privacy Act protection include information regarding education, financial transactions, medical history, criminal or employment history that contains an individual's name, identifying number, symbol, or other identifying particular, such as finger or voice print or photograph. *See* 5 U.S.C. § 552a(a)(4).

which maintains the record who have a need for the record in the performance of their duties" and (ii) other law enforcement agencies. *See* 5 U.S.C. § 552a(b)(1) and § 552a(b)(7).

Even if plaintiff's motivation is otherwise, the Act still provides no relief. First, plaintiff has not alleged that defendants have, in any way, violated the Privacy Act or its implementing regulations.[5] Second, as noted earlier, plaintiff sues for injunctive relief only. The Act allows a private cause of action for damages, costs, and attorney fees under the catch-all provision, but not injunctive relief.[6] *See Doe v. Stephens*, 851 F.2d 1457, 1463 (D.C.Cir. 1988).

Thus, plaintiff has not stated a claim under the Privacy Act for which the court can grant relief.

## B. Service of process

■ Even if plaintiff stated a claim for which relief can be granted, plaintiff has failed to effectuate service of process. Service upon the United States and its agencies is effected by sending a copy of the summons and of the complaint by registered or certified mail to:

(1) The United States attorney for the district in which the action is brought or to an assistant United States attorney or a clerical employee designated by the United States;

(2) The Attorney General of the United States at Washington, D.C.; and

(3) The agency.

FED. R. CIV. P. 4(i). A plaintiff has 120 days for the service of the summons and of the complaint. FED. R. CIV. P. 4(m). Absent a showing of good cause, a plaintiff's

action will be dismissed without prejudice after 120 days. *Id.*

Here, plaintiff served defendants but not the United States attorney for this district or the Attorney General. Neither had plaintiff established good cause for his failure to serve the summons and complaint as required by federal rules.[7] Accordingly, plaintiff has failed to perfect service within the time allowed.

## V. RECOMMENDATION

Defendants' motion to dismiss based on failure to state a claim for which relief can be granted and failure to effectuate service should be **GRANTED.**

## VI. OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

September 30, 1999.

---

**5.** The Department of Justice has promulgated regulations under the Act exempting information of certain agencies, including the DEA. *See* 28 C.F.R. § 16.98 (1999).

**6.** Injunctive relief is available if the agency refuses to correct or refuses to grant access to an individual's records. *See* 5 U.S.C. § 552a(g); *see also Edison. v. Department of the Army*, 672 F.2d 840, 846 (11th Cir.1982).

**7.** Good cause requires "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985). Simple inadvertence or ignorance of the rules usually are not sufficient as good cause. *Id.*